IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DERRICK TOOMER,                    *

  v.                              *   CIVIL ACTION NO. DKC-12-1450

BOOBY SHEARIN, et al.,             *
                                    ***********

**MEMORANDUM OPINION**

On May 14, 2012, the court received Derrick Toomer's Petition for Writ of Habeas Corpus. ECF. No. 1. Respondent has filed a response to the Petition to which Petitioner has replied. ECF Nos. 6, 7 & 8. For reasons to follow, the Petition shall be denied and dismissed.

After a jury trial in the Circuit Court for Baltimore City, on charges of attempted murder, armed robbery and other related violent crimes and weapons offenses, Petitioner was acquitted of several charges after the trial judge granted a motion for judgment of acquittal. As to the remaining charges, the jury did not reach a unanimous verdict and the court declared a mistrial. ECF No. 6, Ex. 1. The State of Maryland is in the process of retrying Petitioner and a trial was set for August 23, 2012. *Id.*[1]

In the instant Petition, not a model of clarity, Petitioner references his pending charges. He states that he has been falsely detained due to police misconduct, has been denied due process in regard to witness statements and identification, and has suffered from prosecutorial and judicial misconduct. ECF Nos. 1 & 7.

Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" pursuant to a state court judgment in violation of laws, treaties or the Constitution of the United States. *See Carafas v. LaVallee*, 391 U.S. 234,

---

[1] Petitioner indicates he has sought to postpone this trial. ECF No. 7. It is unclear whether the trial has commenced. *See* Maryland Judiciary Case Search: http://casesearch.courts.state.md.us/inquiry/processDisclaimer.jis.

238 (1968). Petitioner, challenging his pretrial detention, is not in custody pursuant to a state court judgment and as such is not entitled to relief under § 2254.

Moreover, when filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art.§§ 7-101 et seq. (2001). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Stachowski v. State,* 6 A.3d 907 (2010); *Williams v. State*, 438 A.2d 1301, 1305 (1981). Petitioner has not yet been re-tried for the charges filed against him, as such, the Petition is premature.

To the extent the Petition is construed as having been filed under 28 U.S.C. § 2241, the Petition is likewise subject to the exhaustion requirement of 28 U.S.C. § 2254(b*). See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Petitioner

must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Because Petitioner has failed to exhaust state court remedies the Petition shall be dismissed.[2]

Petitioner is advised that 28 U.S.C. § 2244 imposes a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[3] Should he wish to

---

[2] Petitioner may raise any of his claims by way of a motion to dismiss and may appeal any adverse ruling.

[3] This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

refile this Petition once he has exhausted his available state court remedies, Petitioner should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c) (1).  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253 (c) (2).  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  The court will not issue a COA because petitioner has not made the requisite showing.

A separate order follows.


Date:   September 4, 2012                              /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge

---

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.